IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACUITY, a Mutual Insurance Company, | ) | CASE NO.: 8:21-cv-262 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| SCOTTS BLUFF COUNTRY CLUB, | ) ) | |
| Defendant. | ) | |

**COMES NOW**, Plaintiff, Acuity, a Mutual Insurance Company (herein "Acuity"), and for its Complaint for Declaratory Relief states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Acuity, is a licensed insurance company with the State of Iowa with its principal place of business in Sheboygan, Wisconsin.

2. Defendant, Scotts Bluff Country Club ("SBCC") is a Nebraska non-profit corporation located in Scotts Bluff County, Nebraska, with its principal place of business at 5014 Avenue I, Scotts Bluff, Nebraska 69361.

3. This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 as the parties are from different states and the matter in controversy exceeds the sum or value of $75,000.

4. Venue is proper in the United States District Court for the District of Nebraska, pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**BACKGROUND**

5. On or about April 1, 2016, Acuity issued a commercial insurance policy (Policy No. Z42350) to SCBCC as first named insured with the policy period of April 1, 2016 thru April 1, 2017. (hereinafter "the Policy"). A copy of the Policy is attached hereto as Exhibit "1".

6. On or about February 3, 2020, "Jane Doe" filed a lawsuit against SBCC and Michael Klein in the United States District Court for the District of Nebraska (Case No. 20-cv-3013) (hereinafter "the Doe Lawsuit").

7. The Doe Lawsuit alleges a negligence cause of action against SBCC in connection with alleged sexual harassment and assault of Jane Doe on SBCC's premises between the summer of 2014 until July 2016.

8. The Doe Lawsuit alleges, in part, as follows:

   a. That SBCC "knew that Mike Klein posed a risk of sexual harassment and assault to minors and employees because of complaints by patrons and observations by the General Manager [. . .]";

   b. That SBCC "never implemented policies to prevent, identify or report sexual abuse of minors on their property";

   c. That SBCC "did not provide any training to its staff on the identification or prevention of sexual abuse and harassment";

   d. "As a result of [SBCC's] failures, Plaintiff Jane Joe was repeatedly sexually harassed and assaulted on its premises";

   e. "[SBCC] had a duty of reasonable care to warn Plaintiff Jane Doe that Mike Klein posed a danger to female minors and employees on its premises, which created an unreasonable risk of harm"

   f. "As a minor child, Jane Doe was vulnerable to a risk of sexual abuse or harassment and [SBCC] was required to provide reasonable measures of protection to safeguard her from risk."

9. The Policy included a **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** (CG-0001R(12-11)) along with an **ABUSE OR MOLESTATION EXCLUSION** (CG-2146F(7-98) which states in pertinent part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> The following exclusion is added to paragraph 2 Exclusions, of Section I – Coverage A - Bodily Injury and Property Damage Liability and Section I – Coverage B - Personal and Advertising Injury Liability:
>
> This insurance does not apply to *bodily injury, property damage* or *personal and advertising injury* arising out of:
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or
> 2. The negligent:
>    a. Employment;
>    b. Investigation;

    **c.** Supervision;
    **d.** Reporting to the proper authorities or failure to so report; or
    **e.** Retention;
      of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1 above.

10. The Policy included a **COMMERCIAL EXCESS LIABILITY COVERAGE FORM** (CU-7037(5-05)) along with a **SEXUAL MISCONDUCT OR SEXUAL MOLESTATION LIABILITY EXCLUSION** (CU-7028(3-03)) which states in pertinent part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL EXCESS LIABILITY COVERAGE FORM
>
> This insurance does not apply to:
> 1. *Injury* or damage arising out of any actual, alleged or threatened sexual misconduct or sexual molestation by any person; or
> 2. Any act or omission by an insured relating to any person whose conduct is excluded by 1 above.

11. Any insurance afforded under the Policy applied to *bodily injury* and *property damage* that occurs during the policy period.

12. Acuity reserves the right to allege additional Policy provisions not specifically alleged herein which may limit, modify, or exclude coverage.

## COUNT I – DECLARATORY RELIEF

13. Acuity restates and realleges by this reference the allegations set forth in paragraph 1-12 of the Complaint as if fully set forth herein.

14. Acuity seeks a declaration from this Court that Acuity has no obligation under the Policy, or otherwise, to indemnify or defend SBCC in connection with the claims alleged in the Doe Lawsuit.

**WHEREFORE**, Acuity, a Mutual Insurance Company, prays for judgment of this Court declaring the rights and obligations of the parties under the Policy and entering an Order declaring:

1. Acuity as no duty to defend or indemnify SBCC in connection with the Does Lawsuit as the Policy does not provide coverage for the claim asserted against SBCC therein;
2. In the alternative, a declaration of the respective rights and obligations of all parties, pursuant to the Policy, and a declaration of the limits and obligations Acuity has, if any,

for the defense and indemnity of claims asserted against SBCC in the Doe Lawsuit; and

3. Any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Acuity, a Mutual Insurance Company, pursuant to Fed. R. Civ. P. 38, demands a trial by jury on all issues so triable in the United State District Court for the District of Nebraska in Omaha, Douglas County, Nebraska.

ACUITY, a Mutual Insurance Company, Plaintiff

By: s/Michael L. Moran
Michael L. Moran, #24042
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1700 Farnam Street
1350 Woodmen Tower
Omaha, Nebraska 68102
(402) 348-0900  Fax (402) 348-0904
mmoran@ekoklaw.com